## CLUM v. FEDERAL SUGAR REFINING CO.

(Supreme Court, Appellate Division, Second Department.    January 14, 1910.)

1. PLEADING (§ 324*)—BILL OF PARTICULARS.

An order for a bill of particulars, in an action for negligence, should require an amplification of the complaint, but not a setting forth of evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 982; Dec. Dig. § 324.*]

2. PLEADING (§ 324*)—BILL OF PARTICULARS.

In an action for injuries to a servant, an order for a bill of particulars required plaintiff to state in what way his hand became caught in the cogwheel, and just what he was doing with his hand at the time, and to state each and every duty of the defendant, particularly setting forth the facts claimed to constitute a disregard of each duty. Held, that plaintiff should be required to show what he was doing at the time his hand was caught, and how it was that it was caught, and state the duty of defendant disregarded by him.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 982; Dec. Dig. § 324.*]

Appeal from Special Term, Westchester County.

Action by Andrew Clum against the Federal Sugar Refining Company. From an order granting a motion for a bill of particulars, plaintiff appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, THOMAS, and CARR, JJ.

Don R. Almy, for appellant.
William L. O'Brion, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, J. We think that the complaint is so general as to justify a bill of particulars, but that the requirements of the order exceed the purpose thereof, which should be amplification of the pleading to inform the defendant, but not to set forth the evidence.

The learned counsel for the plaintiff confines his attack to two requirements. The first is:

"In just what way the plaintiff's hand became caught in the cogwheel or pinion, as alleged in paragraph 'Fourth' of the complaint, showing, also, just what he was doing with said hand at the time it became caught."

We think the plaintiff should be required to show what he was doing in the master's service as an oiler at the time his hand was caught in the cogwheel or pinion, and, if he can, to state how it was that his hand was caught there.

The second requirement is:

"A statement of each and every duty obligatory on the defendant which plaintiff claims defendant disregarded, as alleged in paragraph 'Fourth' of the complaint, particularly setting forth those facts which plaintiff claims constitute a disregard of each and every said duty."

We think that the plaintiff should state that duty or those duties of the defendant, owing to the servant, but disregarded by the defendant.

The order should be modified as indicated, and, as modified, affirmed, without costs. All concur.